UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CHRISTOPHER YOUNG, et al., | No. 2:21–cv–537–TLN-KJN PS |
| Plaintiffs, | ORDER |
| v. | |
| STEVEN RICHARD BURLINGHAM, et al., | |
| Defendants. | |

In March 2021, plaintiffs, who are proceeding without counsel, filed claims against defendants, paid the filing fee, and executed service. On May 25, defendants Beyer, Brown, and Schreiber filed a motion to dismiss, noticing the motion for a July 2, 2021 hearing before the undersigned.[1] (ECF No. 8.) Under the Court's Local Rules, plaintiff was obligated to file and serve written opposition (or statement of non-opposition) to Beyer, Brown and Schreiber's motion at least fourteen days prior to the hearing date: June 24, 2021. See E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the [] hearing date."). A review of the court's docket reveals plaintiff failed to do either by the deadline. Defendant Pearl's motion to dismiss is also pending, set for a July 22, 2021 hearing. (ECF No. 9.)

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

1

"Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. Moreover, Local Rule 183(a) provides in relevant part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing [without counsel]. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case under Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (allowing for involuntary dismissal for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default); Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (41(b) dismissal appropriate for failing to file opposition to a motion to dismiss).

Plaintiffs' failure to file opposition to defendant's motion is in violation of Local Rules 110, 183(a), and 230(c), as noted above. Further, plaintiff's silence indicates plaintiffs may be consenting to the dismissal of the case. See Local Rule 230(c) ("A failure to file a timely

opposition may also be construed by the court as a non-opposition to the motion."). Thus, plaintiffs' claims are subject to dismissal. However, given plaintiffs are proceeding without counsel, the court will not recommend dismissal at this time. Instead, the court provides one final opportunity for plaintiffs to respond to defendants' motion to dismiss (or to file a statement of non-opposition thereto). Any further failure to respond to defendants' motion will be construed as non-opposition and will constitute additional grounds for dismissal under Rule 41(b).

Finally, Local Rule 230(c) states "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . ." Thus, the hearing on defendants' motion to dismiss is vacated. For judicial economy, the hearing on defendant Pearl's motion to dismiss, set for a July 22 hearing, is also vacated. See Local Rule 230(g) (granting the court power to take a motion under submission on the record and briefs).

Accordingly, IT IS HEREBY ORDERED that:

1. The July 2, 2021 hearing on Beyer, Brown and Schreiber's motion (ECF No. 8) is VACATED, as is the July 22, 2021 hearing on Pearl's motion (ECF No. 9);

2. Plaintiffs shall file a <u>combined</u> written opposition to both motions to dismiss, or a statement of non-opposition thereto, on or before July 15, 2021. Failure to do so will be deemed a statement of non-opposition to the defendants' motions and consent to the granting of the motions, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b);

3. Defendants Beyer, Brown, and Schreiber, and defendant Pearl, may file written replies to plaintiffs' opposition by July 22, 2021. The court will take the matters under submission after this date; and

4. Given the pending motions, the August 26, 2021 status conference is VACATED.

Dated: June 28, 2021

youn.537

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3