UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CHRISTOPHER YOUNG, et al., | No. 2:21–cv–537–TLN–KJN PS |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS |
| v. | (ECF Nos. 8, 9, 11.) |
| STEVEN RICHARD BURLINGHAM, et al., | |
| Defendants. | |

In March 2021, plaintiffs, who are proceeding without counsel, filed claims against 13 defendants related to underlying proceedings in state probate court. (ECF No. 1.) On May 25, defendants Beyer, Brown, and Schreiber moved to dismiss, and defendant Pearl did so two days later. (ECF Nos. 8, 9.) After plaintiff failed to oppose, the court vacated the hearings under Local Rule 230(c), ordered plaintiffs to file opposition, and warned a failure to do so would constitute additional grounds for dismissal as well as implied consent to dismissal. (ECF No. 11.) Despite this warning, plaintiffs filed no opposition.

For the reasons that follow, the court recommends plaintiffs' claims be dismissed with prejudice for failure to prosecute.[1]

///

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. Section 636(b)(1) and Local Rule 302(c)(21), for the entry of findings and recommendations. See Local Rule 304.

1

**Legal Standard**

Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

**Analysis**

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiffs' failure to take the steps necessary to move the case forward. The third factor also slightly favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to be promptly notified of the lawsuit and prepare their defense. With the passage of time, witnesses' memories fade and evidence becomes stale.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted less drastic alternatives. Specifically, the court, being cognizant of plaintiffs' unrepresented status, provided additional time to file an opposition to defendants' motions to dismiss. Despite this leniency, no opposition was filed, and plaintiffs have been incommunicado since filing the complaint. This leaves the court with little alternative but to recommend dismissal.

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiffs' own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.[2]

Therefore, after carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

///

---

[2] As to the merits, the court also notes the frivolous nature of a large portion of plaintiffs' complaint. Plaintiff lists two claims under the federal and state criminal codes. (ECF No. 1 at 1 (citing 18 U.S.C. §§ 242, 641, 1708, and Cal. Penal Code §§ 132, 134, 182).) Private citizens have no authority to assert claims under the criminal code. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). Plaintiff also raises claims under 42 U.S.C. Section 1983 for alleged Fourteenth Amendment violations. (ECF No. 1 at 1.) Setting aside all of the pleading, signature, service, statute of limitations, and other legal issues with the state of plaintiffs' 115 page complaint, it appears defendants are a number of private citizens and judicial actors, which raises serious complications with plaintiffs' claims. See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (noting, generally, that Section 1983 claims do not lie against a private individuals or business entity that does not act under color of state law); Pennhurst v. Halderman, 465 U.S. 89, 101 (1984) (noting Eleventh Amendment immunity issues against the real party in interest State defendants); Mireles v. Waco, 502 U.S. 9, 11 (1991) (noting immunity for figures performing judicial functions). The undersigned will refrain from deliberating further on these issues, but only notes the numerous ways these claims would fail to move forward—even had opposition been filed.

3

**RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b); and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 6, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

youn.537